IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By staylor at 10:55 am, Apr 11, 2017*

RAFAEL GALAN-OLAVARRIA,

    Petitioner,

v.

WARDEN VICTOR FLOURNOY,

    Respondent.

CIVIL ACTION NO.: 2:16-mc-2

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on Petitioner's Motion in Support of Subpoena. (Doc. 1.) In addition to his Motion in Support of Subpoena, Petitioner filed a Motion to Set Expedited Deadlines, (doc. 5), and a Motion to Compel Subpoena, (doc. 6). For the reasons set forth below, the Court **DENIES** Petitioner's Motion in Support of Subpoena. (Doc. 1.) Therefore, the Court **DISMISSES AS MOOT** Petitioner's Motion to Set Expedited Deadlines and Motion to Compel Subpoena. (Docs. 5, 6). I recommend that the Court **DISMISS** this case and **DIRECT** the Clerk of Court to **CLOSE** this case.

### BACKGROUND

On April 8, 2016, Petitioner Rafael Galan-Olavarria, an inmate at the Federal Correctional Institution in Jesup, Georgia, ("FCI Jesup") commenced this action by filing the instant Motion with this Court. (Doc. 1.) Therein, Petitioner requests that the Court issue a subpoena for production of electronically stored information kept by prison authorities at FCI Jesup. Specifically, he seeks recorded conversations sustained between Petitioner and his criminal defense attorney through the prison's telephone system. (Id. at pp. 4–5.) Petitioner

explains that, during these recorded conversations, his former counsel admitted to rendering ineffective assistance of counsel during petitioner's criminal trial. (Id. at p. 2.) Petitioner maintains that these records are necessary to show deficient performance by his counsel. Other than the Motion in Support of Subpoena, (doc. 1), and two related Motions, Petitioner has not made any other filings in this Court.[1]

## DISCUSSION

Federal courts are courts of limited jurisdiction possessing only the power strictly authorized by the Constitution and statutes. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). The court's jurisdiction cannot be expanded merely through judicial decree. Id. (citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (internal citations omitted).

Petitioner does not allege any basis in his Motion for the Court to exercise jurisdiction in this case. Petitioner states that he requires access to these telephone records to prove that his trial counsel was ineffective. However, Petitioner does not indicate that any action is pending between Petitioner and his attorney, much less an action in this Court or any other federal court. Furthermore, Petitioner has not brought any claims in this Court seeking relief of any kind other than moving for a subpoena. Accordingly, this Court does not have jurisdiction to subpoena the requested records. See U.S.Catholic Conference v. Abortion Rights Mobilization, Inc., 487 U.S. 72, 76 (1988) ("[T]he subpoena power of a court cannot be more extensive than its jurisdiction. . . . [I]f a district court does not have subject-matter jurisdiction over the underlying action . . . then the process is void"); United States v. Morton Salt Co., 338 U.S. 632, 642 (1950)

---

[1] In addition to his Motion in Support of Subpoena, Plaintiff filed a Motion to Set Expedited Deadlines, (doc. 5), and a Motion to Compel Subpoena, (doc. 6), in which he requests identical relief.

("The judicial subpoena power . . . is subject to those limitations inherent in the body that issues them"); McCook Metals LLC v. Alcoa, Inc., 249 F.3d 330, 334 (4th Cir. 2001) (ancillary court's power to issue subpoenas is dependent on jurisdiction of court where underlying action is pending); Houston Bus. Journal, Inc. v. Office of the Comptroller of the Currency, 86 F.3d 1208, 1213 (D.C. Cir. 1996) ("[T]he district court is . . . without power to issue a subpoena when the underlying action is not even asserted to be within federal-court jurisdiction"); Sullivan v. Dickson, 283 F.2d 725, 727 (9th Cir. 1960) (motion to inspect documents under Fed. R. Civ. P. 34 or 45(b) cannot be granted in absence of pending proceeding); In re Rum Mktg. Int'l, Ltd., No. 07-21466-MC, 2007 WL 2702206, at *2 (S.D. Fla. Sept. 14, 2007) ("Here, however, there is no pending case before another federal court that has subject matter jurisdiction over the parties and the litigation. Consequently, there is no jurisdiction purely under the provisions of Rules 26 or 45 for counsel for [one party] to issue a Rule 45 subpoena, nor any jurisdiction for counsel for [the other party] to move to quash that subpoena.") cf. 9A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2456 at 29 (2d ed. 1995) ("subpoena may issue only in aid of a pending action").

To the extent that Petitioner seeks these phone records for an ongoing criminal case, he should petition the court in which that case is pending for a subpoena. While FCI Jesup is located within this District, Rule 17(e) of the Federal Rules of Criminal Procedure provides for service of a subpoena upon a witness at any place within the United States. In re Subpoenas Duces Tecum, 248 F. 137, 137 (E.D. Tenn. 1916) (the authorization of subpoenas for witnesses in criminal cases to run into any other district includes subpoenas duces tecum as well as the ordinary subpoenas ad testificandum.).[2]

---

[2] This Court issues no opinion as to whether any other court should issue Petitioner's requested subpoena.

**CONCLUSION**

For the above stated reasons, the Court **DENIES** Petitioner's Motion in Support of Subpoena. (Doc. 1.) Therefore, the Court **DISMISSES AS MOOT** Petitioner's Motion to Set Expedited Deadlines and Motion to Compel Subpoena. (Docs. 5, 6). Moreover, Petitioner does not request any relief in this case other than the issuance of a subpoena, and Petitioner has not properly invoked this Court's jurisdiction in any way. Accordingly, there is nothing further for this Court to do in this matter. Consequently, I recommend that the Court **DISMISS** this case and **DIRECT** the Clerk of Court to **CLOSE** this case.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final

judgment entered by or at the direction of a District Judge. The Clerk of Court is **DIRECTED** to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 11th day of April, 2017.

_____

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA